UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT


| | | |
|---|---|---|
| DAVID BANFORD, | : | |
| ROBERT MILLER, | : | |
| GARY STRATTON, and | : | |
| SCOTT MCGRATTY | : | |
| | : | Case No. 2:12-cv-131 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ENTERGY NUCLEAR | : | |
| OPERATIONS, INC. | : | |
| | : | |
| Defendant. | : | |

**JURY CHARGE**

Members of the Jury:

Now that you have heard the evidence and the arguments, it is my duty to instruct you on the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

The Plaintiffs in this case are David Banford, Robert Miller, Gary Stratton and Scott McGratty, represented by Joseph Galanes and Joshua Diamond.  The Defendant is Entergy Nuclear Operations, Inc., which I will refer to as "Entergy," represented by Geoffrey Vitt, Matthew Connolly, and Renee Masinter.

I will first give you general instructions applicable to a case of this type.  I will then address the law that specifically applies to this case.

## Role of the Court, the Jury, and Counsel

Now that you have listened carefully to the testimony that has been presented to you, you must consider and decide the fact issues of this case.  You are the sole and exclusive judge of the facts.  You weigh the evidence, you determine the credibility of the witnesses, you resolve such conflicts as there may be in the evidence, and you draw such inferences as may be warranted by the facts as you find them.  Shortly, I will define "evidence" for you and tell you how to weigh it, including how to evaluate the credibility or, to put it another way, the believability of the witnesses.

You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.  You are not to be concerned with the wisdom of any rule of law stated by the court.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions I am about to give you, just as it would be a violation of your sworn duty as judges of the facts to base a verdict upon anything but the evidence in the case.

2

Nothing I say in these instructions should be taken as an indication that I have any opinion about the facts of the case, or what that opinion is.  It is not my function to determine the facts.  That is your function.

You are to discharge your duty as jurors in an attitude of complete fairness and impartiality.  You should evaluate the evidence deliberately and without the slightest trace of sympathy, bias, or prejudice for or against any party.  All parties expect that you will carefully consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

### Evidence

As I have said earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  Statements and arguments of counsel are not evidence.  When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation and regard that fact as proved.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  But it is your own recollection and interpretation of the evidence that

controls in the case.  What the lawyers say is not binding upon you.

The evidence includes any stipulated facts, the sworn testimony of the witnesses, and the exhibits admitted in the record.  Any evidence as to which an objection was sustained and any evidence that I ordered stricken from the record must be entirely disregarded.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## Direct and Circumstantial Evidence

The law recognizes two types of evidence:  direct and indirect or circumstantial.  An example of direct evidence is when people testify to what they saw or heard themselves; that is, something which they have knowledge of by virtue of their senses.  Indirect or circumstantial evidence consists of proof of facts and circumstances from which in terms of common experience, one may reasonably infer the ultimate fact sought to be established.

Such evidence, if believed, is of no less value than direct evidence.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## Witness Credibility

You, as jurors, are the sole judges of the credibility of the witnesses and the importance of their testimony.  It is your job to decide how believable each witness was in his or her testimony.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which may help you decide the truth and the importance of each witness's testimony.  Consider each witness's knowledge, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; any interest he or she may have in the outcome of the case, or any bias for or

against any party; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and people naturally tend to forget some things or remember other things inaccurately.  Innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you should give the testimony of each witness such weight, if any, as you may think it deserves.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.  The test is not which side brings the greater

6

number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

## Corporations

A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.  Of course, when a corporation is involved in a case, it may act only through human beings as its agents or employees.

## Burden of Proof

Because this is a civil case, the parties bear the burden of proving certain facts by a "preponderance of the evidence." To prove something by a preponderance of the evidence means to prove that something is more likely true than not true.  A preponderance of the evidence means the greater weight, or logic, or persuasive force of the evidence.  It does not mean the greater number of witnesses or documents.  It is a matter of quality, not quantity.

In determining whether any fact in issue has been proven by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

I now turn to the law you must follow in evaluating each party's specific claims.

### General Description of Claims and Defense

This case arises under the Fair Labor Standards Act, or FLSA, which I may sometimes refer to as the "federal overtime law." This law, among other things provides, for the payment of overtime pay for non-exempt employees. This case also arises under the overtime compensation law for the state of Vermont. The Plaintiffs claim that the Defendant did not pay them the overtime pay required by law.

Under the federal overtime law, non-exempt employees are entitled to extra overtime pay when they work over forty hours in a seven-day workweek. Hours worked over forty in a week are referred to as "overtime hours."

The Plaintiff Security Shift Supervisors claim that they often worked over forty hours per week, that they are entitled to time-and-a-half pay for such work, and that they have not been paid overtime pay for those hours.

In response, Entergy denies the Plaintiffs' claims and instead claims it was not required to pay the Plaintiffs overtime because they are "exempt" from the requirements set forth in the FLSA and Vermont state law. In particular, Entergy contends the Plaintiffs' jobs fall within the "executive" or the "administrative" exemptions from overtime, or a combination of

those exemptions, and, therefore, the Plaintiffs are not entitled to any overtime.

In order to make their case, the Plaintiffs must prove the following: (1) that they were employed by Entergy; (2) that, while employed by Entergy they were engaged in commerce or in the production of goods for commerce; (3) that they occasionally worked over forty hours per week; and (4) that they did not receive extra overtime pay for those weeks in which they did work over forty hours.

Entergy does not dispute that the Plaintiffs were employed by Entergy, that the Plaintiffs were engaged in commerce, and that they did not receive extra overtime pay.  Likewise, Entergy does not dispute that the Security Shift Supervisors worked over 40 hours per week.

As a result, Entergy must prove that the Plaintiffs were "exempt" from the federal overtime law.

It will be your duty to apply the legal standards on this issue that I will now describe for you and decide from the evidence which party is correct.

## Defendant's Burden

As I have already explained, Entergy claims that it was not required to pay overtime pay because the Plaintiffs were exempt under either the executive or administrative exemptions to the federal overtime law, or a combination of both.  As a result,

9

these exemptions apply only if Entergy proves that the Plaintiffs plainly and unmistakably fall within the exemptions' terms and spirit.  Entergy must prove that one or more of the exemptions apply by a preponderance of the evidence.

### Job Titles, Job Descriptions, Use of Manuals

Whether or not an employee is exempt from the overtime law does not depend on his or her job title alone.  Nor does it depend on whether the employee has been designated as the person "in charge."  A job title is insufficient by itself to establish the exempt status of an employee but it is something you may consider as you deliberate.  You may also consider job descriptions that you find were written by the company, but job descriptions alone are insufficient to establish the exempt status of an employee.

The overtime exemptions are not available for employees who simply apply well-established techniques or procedures described in manuals or other sources to determine the correct response to an inquiry or set of circumstances.  However, reliance upon manuals, does not, in itself, preclude exemption.  An employee may be exempt even if his discretion is circumscribed by a manual as long as that employee makes independent judgments.

The exempt or nonexempt status of any particular employee must be determined based on whether the employee's duties meet

the elements of the federal overtime law's exemptions which I
will describe to you now.

### The Executive Exemption

Whether a Plaintiff was an executive is a question of fact
for you to decide.  In making this determination, Entergy must
establish four things:  first, that Plaintiff was compensated on
a salary basis at a rate of at least $455 per week; second that
Plaintiff's primary duty was management of the enterprise or a
department or subdivision of the enterprise; third that
plaintiff customarily and regularly directed the work of two or
more employees; and fourth, that Plaintiff either had the
authority to hire and fire other employees or whose suggestions
and recommendations as to the hiring, firing, advancement,
promotion or other changes of status of other employees are
given particular weight.

As to the first element of proof, I instruct you that the
parties have stipulated that each Plaintiff was compensated on a
salary basis at not less than $455/week, so you must accept this
element as having been proven for each one of the Plaintiffs.
You must decide whether Entergy has proven each of the remaining
three requirements.  If you conclude that Entergy has failed to
prove any one of these requirements, then you must find that the
Plaintiffs are not covered by the executive exemption.

As I just stated, the second part of this test is whether the Plaintiff's primary duty was management.  The term "primary duty" means the main, major, or most important duty performed by the employee.  In determining whether an employee's duties are his or her primary duty, the jury should consider all of the facts surrounding the Plaintiff's employment.

As a general matter, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

The phrase "department or subdivision" is intended to distinguish between a mere collection of employees assigned from

12

time to time to a specific job or series of jobs and a unit with
permanent status and function.  A customarily recognized
department or subdivision must have a permanent status and a
continuing function.  For example, a large employer's human
resources department might have subdivisions for labor
relations, pensions and other benefits, equal employment
opportunity, and personnel management, each of which has a
permanent status and function.

As to the third element, I instruct you that "customarily
and regularly" means that the direction of the work of two or
more other employees occurs with a frequency that is greater
than occasional but which may be less than constant.  Work
performed customarily and regularly includes work normally and
recurrently performed every workweek, it does not include
isolated or one-time tasks.

To determine whether an employee's suggestions and
recommendations are given "particular weight," factors to be
considered include, but are not limited to, whether it is part
of employee's job duties to make such suggestions and
recommendations; the frequencies with which such suggestions and
recommendations are made or requested; and the frequency with
which the employee's suggestions and recommendations are relied
upon.  Generally, an executive's suggestions and recommendations
must pertain to employees whom the executive customarily and

regularly directs.  It does not include an occasional suggestion

with regard to the change in status of a co-worker.  An

employee's suggestions and recommendations may still be deemed

to have "particular weight" even if a higher level manager's

recommendation has more importance and even if the employee does

not have authority to make the ultimate decision as to the

employee's change in status.

There is a "rule of thumb" that if an employee spends more

than 50% of his time on management responsibilities, that would

be sufficient for you to find that the employee's primary duty

was performing executive or managerial duties.  However, time

alone is not the only factor in determining whether the

employee's primary duty was managerial.  An employee's primary

duty may be managerial even if the employee spends less than

half of his or her time in such work.

If you find that the Plaintiff spent less than half of his

or her time on management duties, you should consider other

factors in deciding what Plaintiff's primary duty was.  These

include: (1) the relative importance of Plaintiff's managerial

duties compared with his or her non-managerial duties; (2) the

frequency with which Plaintiff exercised discretionary

authority; (3) the extent to which Plaintiff was free from

supervision; and (4) the relationship between Plaintiff's salary

and the salary and wages paid to other employees for  non-managerial work.

An executive may sometimes perform non-managerial duties concurrent with his managerial and executive duties, so long as the non-managerial duties are not his primary duties.  Work that is directly and closely related to the performance of management work is also considered exempt work.

### The Administrative Exemption

In addition to the executive exemption, Entergy also argues that the Plaintiffs are covered by the federal overtime law's administrative exemption.

Whether a Plaintiff was an administrative employee is a question of fact for you to decide.  In making this determination, the defendant must establish three things: first, that plaintiff was compensated on a salary basis at a rate of at least $455 per week; second, that plaintiff's primary duty was the performance of office work or non-manual directly related to the management or general business operations of the employer; and third, that plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

As to the first element of proof, I instruct you that the parties have stipulated that each Plaintiff was compensated on a

salary basis at not less than $455/week, so you must accept this element as having been proven for each one of the Plaintiffs.

Thus you must decide whether Entergy has proven each of the remaining two requirements.  If you conclude that Entergy has failed to prove either of these requirements, then you must find that the Plaintiffs are not covered by the administrative exemption.

As I just stated, the second part of this test is whether the Plaintiff's primary duty was administrative work.  The term "primary duty" means the main, major, or most important duty performed by the employee.  In determining whether an employee's duties are his or her primary duty, the jury should consider all of the facts surrounding the Plaintiff's employment.  The same considerations I outlined for you about how to determine a primary duty when discussing the executive exemption also apply here.

To establish this part of the test, the employer must prove that Plaintiff was primarily engaged in work directly related to the management or general business operations of the employer. In making this determination you should distinguish between work that is related to the production and selling of the goods and services which constitute the business's offerings in the marketplace and work which relates to the running of the business generally.

16

The third part of the test requires the employer to prove that Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.  The phrase "discretion and independent judgment" means that Plaintiff's job entailed comparing and evaluating possible courses of action, and then acting on or making a decision after various possibilities are considered.  In making this determination, you should distinguish between the exercise of independent judgment and the use of skill in performing well-established techniques.

You should also consider the degree to which Plaintiff was free from supervision with respect to matters of significance, although it is of course possible that the policy decisions of an employee would be reviewable at a higher level in the company.  The employee's decision need not be final and their authority need not be unlimited, and can consist solely of recommendations for action, as opposed to taking the action. The fact that an employee's decisions are subject to review and are sometimes revised or reversed by others in the company does not defeat a finding that the employee exercises discretion and independent judgment.

### Combination Exemption

If you find that Entergy has not proven that Plaintiff's primary duty satisfied either test for the executive exemption

or the administrative exemption but instead you find that
Plaintiff's primary duty was some combination of those
exemptions, then you should find that Plaintiff was an exempt
employee not entitled to overtime.

## First Responders

You must also consider whether the Plaintiffs are "first
responders" as that term is defined by the law. In this case,
Plaintiffs have claimed that their primary duty is as first
responders.  If you find that the Plaintiffs' primary duty is
that of a first responder you must find that they are entitled
to overtime pay.

The administrative and executive exemptions do not apply to
any workers, regardless of rank or pay, if their primary duty is
performing first responder functions.  Examples of first
responder activities include, but are not limited to,
preventing, controlling or extinguishing fires of any type;
rescuing fire, crime or accident victims; preventing or
detecting crimes; conducting investigations or inspections for
violations of law; performing surveillance; pursuing,
restraining and apprehending suspects; detaining or supervising
suspected and convicted criminals, including those on probation
or parole; interviewing witnesses; interrogating and
fingerprinting suspects; preparing investigative reports; or
other similar work.

It is important to note that individuals performing first responder functions are not exempt under the administrative or executive exemption even if they also direct the work of other employees in the conduct of such "first responder" duties. Performing first responder functions does not become management simply because the employee directs the work of other employees. If an employee's primary duty is first responder functions in the field, then his primary duty is not management even if he directs the work of others in the course of performing those functions in the field.

That does not mean that all individuals in a police, fire or similar organization are first responders.  Certain managerial tasks such as directing operations at a crime, fire, or accident scene when performed by high-level personnel who typically do not engage in front-line activities would still be considered management.  If an employee does not enter the field to perform first responder functions himself, but rather directs others to perform first responder functions, that employee's primary duty may be management or administration and he may be exempt if he meets all the requirements as we have already discussed.

The determining factor is what you decide the employee's primary duty is based on the totality of the circumstances.  The location where an employee performs his duties, whether at the

scene of a contingency event or removed in a secured headquarters, is a very important factor but is one of many circumstances you may consider in determining whether or not the Plaintiffs were first responders.

## Additional Payments

So long as an employee was compensated on a salary basis at not less than $455/week, which I have told you the parties agree each Plaintiff was in this case, an employer may provide an employee with additional compensation even if the employee meets the administrative or executive exemption, or a combination of the administrative and executive exemptions.  The types of additional compensation can include, but are not limited to, an additional bonus, commission, flat sum, straight time payments or time-and-one-half payment for hours worked outside of the normal workweek or overtime, or paid time off.

## Summary of Required Liability Determinations

If, after considering all of the evidence, Entergy has satisfied you by a preponderance of the evidence that a Plaintiff is plainly and unmistakably exempt from the overtime pay law under the executive, administrative or combination exemptions then your verdict should be in favor of Entergy.

Only if you find that Entergy has failed to establish its claim of exemption as to that Plaintiff should your verdict be in favor of that Plaintiff and then, and only then, you must

consider the questions related to damages I am about to instruct you on.

## Damages

The fact that I am about to instruct you as to the proper measure of damages does not reflect any view of mine as to which party is entitled to your verdict.  Instruction as to the measure of damages are given for your guidance if you find in favor of any of the plaintiffs in accordance with the other instructions.

If you find in favor of any Plaintiff you will need to find additional facts.

First, you must decide what the nature of the employment agreement between the parties was.  You must decide whether the parties agreed that a Plaintiff's salary would cover all hours in a workweek above or below forty hours.  You must consider whether the Plaintiffs knew that their hours would fluctuate and whether the Plaintiffs agreed that their fixed salary would cover all the hours they worked.  In evaluating what the understanding between the parties was you make take all factors into account, both explicit and implicit.

You must also decide whether Entergy acted willfully.  It is the Plaintiffs' burden to prove to you by a preponderance of the evidence that Entergy acted this way.  An employer acts willfully if it knew or showed reckless disregard for the

21

question of whether its conduct was prohibited by the FLSA.  An employer acts with reckless disregard when it acts, or fails to act, with a conscious lack of concern for the consequences.

## Unanimous Verdict

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.

It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is wrong.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- the judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

## Notes

You may have taken notes during the trial for use in your deliberations.  These notes may be used to assist your

recollection of the evidence, but your memory, as jurors,
controls.  Your notes are not evidence, and should not take
precedence over your independent recollections of the evidence.
The notes that you took are strictly confidential.  Do not
disclose your notes to anyone other than your other jurors.
Your notes should remain in the jury room and will be collected
at the end of the case.

### Closing Instructions

I have selected _____ to act as your foreperson.
The foreperson will preside over your deliberations, and will be
your spokesperson here in Court.

A copy of this charge will go with you into the jury room
for your use.

A verdict form has been prepared for your convenience.  You
will take this form to the jury room.  Each of the questions on
the verdict form requires the unanimous answer of the jury.
Your foreperson will write the unanimous answer of the jury in
the space provided for each question, and will date and sign the
special verdict, when completed.

If it becomes necessary during your deliberations to
communicate with the Court, you may send a note through the
Courtroom Security Officer signed by your foreperson.  No member
of the jury should ever attempt to communicate with the Court by
any means other than a signed writing, and the Court will never

communicate with any member of the jury on any subject related to the merits of the case other than in writing, or orally here in open Court.  Bear in mind also that you are not to reveal to any person — not even to the Court — how the jury stands, numerically or otherwise, on the questions before you, during your deliberations.

You will note that all other persons are also forbidden to communicate in any way or manner with any member of the jury on any subject related to the merits of the case.

Dated at Burlington, in the District of Vermont this 18th day of September, 2014.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge

24